IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ORELLANA CONTRACTORS, LLC,
    *Plaintiff*,

v.

NGM INSURANCE COMPANY,
    *Defendant*

No. ABA-23-cv-3090

## MEMORANDUM AND ORDER

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 37 & 38. The parties assert that non-party Pranam GlobalTech, Inc. ("Pranam") entered into a contract with the United States Postal Service to replace the roof on a USPS facility. ECF No. 37-1 ¶ 1. Pranam then subcontracted the construction work to Plaintiff, Orellana Contractors, LLC. *Id.* ¶ 8. Pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.*, Defendant NGM Insurance Company issued payment and performance bonds on the construction project with Pranam as principal and the USPS as obligee. ECF No. 1-1; *see F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 118 (1974) ("The Miller Act . . . requires a Government contractor to post a surety bond 'for the protection of all persons supplying labor and material in the prosecution of the work provided for' in the contract. The Act further provides that any person who has so furnished labor or material and who has not been paid in full within 90 days after the last labor was performed or material supplied may bring suit on the payment bond for the unpaid balance.") (quoting 40 U.S.C. § 3131(b)(2)). Orellana completed the roof removal and construction, but Pranam went out of business and failed to pay Orellana (1) for two change orders in the amounts of $33,191.50 and $27,636 that Plaintiff contends were

contemplated under the subcontract, *see* ECF No. 37-3 at 21 (recognizing that additional work would be required), and (2) for construction materials provided by Orellana in the amount of $11,098.95. ECF Nos. 37-9—37-12, 37-15.[1] Orellana alleges that NGM, as surety, is responsible for these amounts given Orellana's inability to collect from Pranam. *See United States f/u/b/o McCorvey Sheet Metal Works, L.P. v. Travelers Cas. & Sur. Co. of Am.*, Case No. 22-cv-2789-DLB, 2024 WL 2923708, at *5 (D. Md. June 10, 2024) ("Generally, the liability of a surety is coextensive with the liability of the surety's principal.") (citing *Ranger Constr. Co. v. Prince William Cnty. Sch. Bd.*, 605 F.2d 1298, 1302 (4th Cir. 1979)).

NGM argues that the subcontract between Pranam and Orellana required that all change orders be in writing and that Orellana would be responsible for supplying all materials for the construction project. ECF No. 37-3 ¶¶ 2, 13. Because there are no written change orders and because the contract obligates Orellana to provide the construction materials, NGM contends that it is not obligated to pay the outstanding invoices, even though there is no dispute that Orellana completed the contract in a satisfactory manner. *See generally* ECF No. 38. Orellana contends that Pranam and Orellana orally modified the subcontract such that written change orders were not required and that Pranam would provide all construction materials, with Orellana only providing the skilled labor. *See* ECF No. 37-1 ¶¶ 19—43.

The subcontract requires the application of Michigan law. ECF No. 37-3 ¶ 24. Under Michigan law, a contract may be orally modified, even when the contract

---

[1] Originally there was also an additional $20,000 Orellana claimed was owed by NGM attributable to a check bounced by Pranam. NGM has since paid that amount to Orellana. ECF No. 38 at 3 n.1.

purports to require that any future modifications be in writing. *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 364 (2003). But the necessary mutual oral agreement must be shown "through clear and convincing evidence" including by showing "affirmative conduct establishing mutual agreement to modify or waive the particular original contract." *Id.* at 364—65. Maryland law is no different. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 88 (4th Cir. 2016) ("[U]nder Maryland law, contractual limitations on future modifications are not effective to prevent parties from entering into new agreements orally or by performance."). And "whether subsequent conduct of the parties amounts to a modification or waiver of their contract is generally a question of fact to be decided by the trier of fact." *Hovnanian Land Inv. Grp., LLC v. Annapolis Towne Ctr. at Parole, LLC*, 421 Md. 94, 122 (2011) (quoting *University Nat'l Bank v. Wolfe*, 279 Md. 512, 523 (1977)). But "courts frequently hold that owners must pay for extra work done at their oral direction." *Universal Builders, Inc. v. Moon Motor Lodge, Inc.*, 430 Pa. 550, 558 (1968); *id.* at 560 ("[I]t should be obvious that when an owner requests a builder to do extra work, promises to pay for it and watches it performed knowing that it is not authorized in writing, he cannot refuse to pay on the ground that there was no written change order."). Moreover, "[t]he principal purpose of the Miller Act is the protection of persons supplying labor and materials to subcontractors on federal construction projects. To that end, the Supreme Court has held that the Miller Act should receive a liberal construction." *U.S. for Use of Honeywell, Inc. v. A & L Mech. Contractors, Inc.*, 677 F.2d 383, 386 (4th Cir. 1982).

  Here, Orellana contends that it is entitled to summary judgment because it has proven by clear and convincing evidence that it and Pranam orally modified the

3

subcontract such that written change orders were not required and that Pranam was obligated to supply all materials. Orellana contends that the oral modifications are shown through the parties' course of conduct, including that Pranam paid previous invoices and did not object when Orellana sent invoices for the two change orders at issue. *See* ECF Nos. 37-9—37-12, 37-15. Orellana has submitted an affidavit from Hugo Orellana, the owner of Orellana Contractors, detailing the various alleged oral agreements between it and Pranam. ECF No. 37-1.

NGM contends that it is entitled to summary judgment because the written contract does not allow for oral change orders and the contract states that Orellana was to provide all materials. ECF No. 37-3 ¶¶ 2, 13. NGM also objects to Mr. Orellana's affidavit on hearsay grounds; the affidavit largely consists of what Mr. Orellana states that Pranam's representatives said to him. NGM requests that if its motion is denied and "[t]o the degree that Orellana intends to seek admission of such statements at trial, NGM requests its right to conduct further discovery pursuant to Rule 56(d)(2)." ECF No. 38 at 20.

A party is entitled to summary judgment only if it can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence "might affect the outcome of the suit," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[C]ourts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (quoting *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d

651, 659 (4th Cir. 2018)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Here, the Court concludes that whether Orellana and Pranam orally modified the subcontract such that change orders were not expected to be in writing and Pranam was to provide all construction materials are genuine disputes of material fact that are raised by, at a minimum, the parties' course of conduct. Viewing the facts in the light most favorable to each party in turn establishes that neither is entitled to summary judgment.

It is therefore, ORDERED that the motions for summary judgment (ECF Nos. 37 & 38) are DENIED.

It is further ORDERED that the following pre-trial deadlines will apply:

1. **March 20, 2026**: deadline for any additional Rule 56(d)(2) discovery and for a joint status report covering the following matters:

    a. Whether discovery has been completed;

    b. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

    c. A certification that the parties have met to conduct serious settlement negotiations;

    d. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference;

    e. Any other matter which you believe should be brought to the court's attention.

2. **March 27, 2026**: Deadline for Expert-Related Motions (Fed. R. Evid. 702, Daubert, or Otherwise Related to Expert Testimony).

3. **April 10, 2026**: Deadline for Oppositions to Expert-Related Motions.

4. **May 8, 2026**: Deadline for Joint Pretrial Order, Motions in Limine ("MILs"), Voir Dire, Jury Instructions, and Special Verdict Form.

5. **May 22, 2026**: Deadline for Oppositions to MILs.

6. **June 8, 2026**: Pretrial Conference/Motions Hearing at 10:00 a.m. by telephone (subject to change).

7. **July 27, 2026**: Trial at 10:00 a.m. in courtroom 7D of the Baltimore federal courthouse. (Counsel to report to the assigned courtroom by 9:30 a.m.)


January 8, 2025                                                    /s/
                                                          Adam B. Abelson
                                                          United States District Judge